NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FRANK BOATSWAIN,                    :
                                    :
                  Petitioner,       :        **Civil No. 13-3609 (ES)**
                                    :
        v.                          :        **OPINION**
                                    :
STATE OF NEW JERSEY, et al.,        :
                                    :
                  Respondents.      :

**SALAS**, **District Judge**:

        This matter is before the Court on the application of Frank Boatswain ("Petitioner") for

habeas corpus relief under 28 U.S.C. § 2254. (D.E. No. 1 ("Pet.")). For the reasons set forth

below, the petition must be dismissed for lack of jurisdiction because Petitioner does not meet the

"in custody" requirement under 28 U.S.C. § 2254(a).

## I.  BACKGROUND

        Petitioner is not presently confined at a state correctional facility. (*See* Pet. at 1). In fact,

at the time he filed this habeas petition, Petitioner admittedly was no longer in the custody of the

State of New Jersey pursuant to the New Jersey state court conviction that he challenges in his

habeas petition. (*See id.*).

        In 2001, Petitioner was indicted and charged with theft by deception, a third degree

offense, contrary to N.J.S.A. 2C:20-4. *State v. Boatswain*, No. A-3991-09T3, 2012 WL 1697051,

at *1 (N.J. Super. Ct. App. Div. May 16, 2012). Petitioner pled guilty and, on October 4, 2002,

was sentenced to a term of three years in state prison, with gap time credit of 334 days. *Id.*

Thereafter, Petitioner was released from prison. *Id.*

In 2005, Petitioner was arrested and charged with conspiracy to commit mail fraud and aggravated identity theft in the Eastern District of New York for incidents which occurred in 2004-2005. *United States v. Boatswain*, No. 06-CR-32 (E.D.N.Y. 2005). During his sentencing on these charges, the New Jersey conviction challenged in the instant petition was included in Petitioner's criminal history category calculation. *Boatswain v. United States*, No. 10-CV-711 (E.D.N.Y. 2010). Petitioner is currently in federal custody serving the 134 month sentence he received from the Eastern District of New York. *Id.*

In the instant petition, Petitioner challenges his 2002 New Jersey conviction for theft by deception on the following grounds: (1) violation of his Sixth Amendment right to a speedy trial; and (2) "The New Jersey State Court was without jurisdiction to accept a plea." (Pet. at 6-8).

## II. LEGAL STANDARD

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Harrison v. Schultz*, 285 F. App'x 887, 889 (3d Cir. 2008) ("A District Court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition that the petitioner is not entitled to relief."). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254, Habeas Rule 4, applicable through Rule l(b). Dismissal without the filing of an answer or the state court record is warranted if it appears on the face of the petition that petitioner is not entitled to relief. *See id.*; *see also* 28 U.S.C. § 2243; *McFarland*, 512 U.S. at 856; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir.

2000) (habeas petition may be summarily dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III.  ANALYSIS

Because Petitioner is challenging a state court conviction, his action for habeas relief is properly considered under 28 U.S.C. § 2254.   Section 2254(a) provides in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Although the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be in custody "under the conviction or sentence under attack at the time his petition is filed" in order for this Court to have jurisdiction.  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).   Indeed, the Supreme Court has ruled as follows:

> The question presented . . . is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not.

*Id.* at 492; *see also Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).

Here, Petitioner fully served the state court sentence he now challenges, well before he filed for the instant federal habeas relief.   Specifically, he was sentenced to a three year prison term in October 2002.   (Pet. at 1).   At its latest, Petitioner's sentence expired in October 2005.   But Petitioner did not file this habeas petition until June 7, 2013.   It is clear that Petitioner has not been "in custody" for the conviction he is now challenging for nearly eight years.   Thus, he is not entitled to relief under § 2254 and his petition is subject to dismissal for lack of jurisdiction.

To be sure, collateral consequences of a conviction include deprivation of the right to vote, to hold public office, to serve on a jury, or to engage in certain businesses. *See St. Pierre v. United States*, 319 U.S. 41 (1943). A writ of error *coram nobis* has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer "in custody" for purposes of habeas review. *United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000). But a writ of error *coram nobis* is available in federal court only for those who were convicted in federal court. 28 U.S.C. § 1651(a); *Neyor v. I.N.S.*, 155 F. Supp. 2d 127, 136 (D.N.J. 2001). Consequently, the Court cannot construe Petitioner's petition as a writ of error *coram nobis*. Instead, Petitioner's only course for relief from the collateral consequences of his expired state conviction is to bring a common law writ of error *coram nobis* or a petition for post-conviction relief in the state court where he was convicted.

## III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c)(l)(A)*; see also Gonzalez v. Thaler*, _ U.S. _,132 S.Ct. 641, 649 (2012). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 328 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when

the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, however, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## IV. CONCLUSION

Based upon the foregoing, the petition will be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254(a). No certificate of appealability will issue. An appropriate Order follows.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**